IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE PROGRESSIVE SOUTHERN CHRISTIAN LEADERSHIP CONFERENCE and DWAYNE REDDING,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA SECRETARY OF STATE and THE EXECUTIVE COMMITTEE OF THE GEORGIA DEMOCRATIC PARTY,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-CV-3877-MHC |

## ORDER

This case comes before the Court on Plaintiffs' the Progressive Southern Christian Leadership Conference ("PSCLC") and Dwayne Redding ("Redding")'s Motion for Emergency Injunction ("Motion") [Doc. 2], filed on September 18, 2020.[1] Plaintiffs' Motion and Complaint are indistinguishable other than a title page on the Complaint identifying it as such. See Compl.; Mot.

---

[1] It appears that the underlying Complaint with Motion for Emergency Injunction ("Complaint") [Doc. 1] was filed by both the PSCLC and Redding, proceeding *pro se*. The address listed for both Plaintiffs is a P.O. Box in Brookhaven, Georgia.

Plaintiffs allege that, on July 22, 2020, the Executive Committee of the Georgia Democratic Party ("Executive Committee") violated O.C.G.A. § 21-2-134, by choosing a replacement, Nikema Williams ("Williams"), for the congressional seat vacated by the late Congressman John Lewis rather than merely notifying the Georgia Secretary of State that the Executive Committee had decided to fill the vacancy. Compl. at 4. Plaintiffs allege that Williams's appointment by the Executive Committee, as well as the special election to be held on September 29, 2020, creates "voter suppression, voter disenfranchisement, and the absence of a free and fair election," and violates the voting rights guaranteed by the Fifteenth, Nineteenth, and Twenty-Sixth Amendments to the United States Constitution and the Voting Rights Act of 1965. Id. at 4-5.

Plaintiffs seek an "emergency injunction" to disqualify the Executive Committee's actions and to reschedule the special election to October 13, 2020, for

---

The Complaint alleges that Redding is the "founder and chairperson" of the PSCLC. Compl. at 2. The Court notes that an online search of the Georgia Secretary of State business records reveals no such business organization. Nevertheless, the Court cautions Redding that a corporation cannot appear *pro se* and must be represented by counsel. T-12 Entm't, LLC v. Young Kings Enters., Inc., 36 F. Supp. 3d 1380, 1393 (N.D. Ga. 2014) (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)); see also LR 83.1(E)(2)(b)(H) ("[A] corporation . . . may only be represented by an attorney, . . . and a corporate officer may not represent the client unless that officer is admitted to the bar of this Court as a regular member or has been admitted *pro hac vice* in the case[.]").

2

a "general election for all qualified congressional candidates, with a runoff to be held on [October 27, 2020]," so that the "voters of the 5th congressional district . . . will have chosen their 5th congressional district representative for the November ballot."[2] Id. at 5-6.

In order to obtain a temporary restraining order or preliminary injunction, Plaintiffs must demonstrate "(1) a substantial likelihood on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The burden of persuasion in all of the four requirements is at all times upon the plaintiff." Ne. Fla. Chapter Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (quotation omitted). A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant clearly carries the burden of persuasion as to the four prerequisites. Four Seasons

---

[2] While Plaintiffs have not expressly requested an *ex parte* temporary restraining order, they have requested in their Motion and Complaint "emergency" relief. See Compl.; Mot. Therefore, the Court construes Plaintiffs' Motion as a motion for an *ex parte* temporary restraining order.

3

Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

Additionally, a court may issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). "The stringent restrictions imposed by [Rule 65] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cty., 415 U.S. 423, 438-39 (1974). To the extent they are entered, *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Id. at 439.

"[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). One such circumstance is "where notice to the adverse party is

4

impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id. (quoting Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir.1984)).  Plaintiffs do not argue that an *ex parte* temporary restraining order is justified because notice to the Defendants is impossible in this case.  See generally First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993) (holding district court abused its discretion in granting *ex parte* temporary restraining order where plaintiff did not argue notice to defendant was impossible).

Another circumstance is found in "a very narrow band of cases" where notifying the adverse party prior to entry of a temporary restraining order "would render fruitless the further prosecution of the action." Am. Can Co., 742 F.2d at 322 (citing In the Matter of Vuitton et Fils S.A., 606 F.2d 1, 5 (2d Cir. 1979) (explaining that an *ex parte* temporary restraining order was appropriate in the limited circumstances of that case where it was "highly probable" that the adverse party would dispose of the infringing goods if notified of a temporary restraining order hearing)).  This particular circumstance also is not alleged to be present in this case.

Although proceeding with an *ex parte* temporary restraining order as provided under Federal Rule of Civil Procedure 65(b) is permissible in some

5

circumstances, Plaintiffs have not shown that those circumstances are present in this case. Plaintiffs' Complaint is not verified and does not demonstrate specific facts that clearly show that immediate and irreparable injury will result before Defendants can be heard in opposition. Specifically, Plaintiffs have not demonstrated how they will be discriminated against on the basis of age, sex, or race in the special election to be held on September 29, 2020, or the upcoming general election where Williams will run as Congressman Lewis's replacement. Additionally, Plaintiffs do not argue (let alone show) a sufficient reason for not affording Defendants notice of the Motion and Complaint and an opportunity to respond.

Moreover, even if the prerequisites for proceeding *ex parte* were met, preliminary injunctive relief would not be warranted here because Plaintiffs have failed to meet their burden of persuasion as to any of the four prerequisites for a temporary restraining order. Plaintiffs claim that their voting rights under the Fifteenth, Nineteenth, and Twenty-Sixth Amendments and the Voting Rights Act of 1965 are violated by Williams's appointment and the holding of the September 29, 2020, special election. However, as stated above, Plaintiffs have failed to allege how Defendants discriminated against Plaintiffs on the basis of race, sex, or age. At most, Plaintiffs contend that Defendants violated O.C.G.A. § 21-2-134, a

state statute, which does not present a federal claim for relief. Thus, Plaintiffs have not established that there is a likelihood of success on their claims. Plaintiffs have also not alleged any injury, much less an irreparable one, because all eligible voters in Georgia's Fifth Congressional District are able to vote (1) for a person to fill the remainder of the term of Congressman Lewis in the September 29, 2020, special election, and (2) for a person to fill the next two-year congressional term in the November 3, 2020, general election. Given the ability to elect a replacement for Congressman Lewis, any threatened injury would not outweigh the harm upon the Georgia Secretary of State, who would be compelled to move a scheduled election which is set to occur within a week. Finally, granting temporary injunctive relief would not serve the public interest.

For the foregoing reasons, Plaintiffs' Motion for Emergency Injunction [Doc. 2] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of September, 2020.

_____
MARK H. COHEN
United States District Judge

7